IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

GERARDO NARANJO-DELGADO, )
)
                  Petitioner, )
)
v. ) Case No. CIV-18-1061-R
)
)
UNITED STATES OF AMERICA, )
)
                  Respondent.[1] )

# ORDER

---

[1] In his 28 U.S.C. § 2241 petition, Petitioner named as respondent the United States of America. *See* Doc. 1, at 1. On October 30, 2018, United States Magistrate Judge Gary M. Purcell, to whom this matter was referred, replaced the United States as respondent with Joe Allbaugh, Director of the Oklahoma Department of Corrections. *See* Doc. 5, at 1 n.1. Judge Purcell reasoned that, "[b]ecause Petitioner is incarcerated in a private prison in the State of Oklahoma serving a federal sentence, the only proper Respondent" was Director Allbaugh. *Id*. However, in his Report and Recommendation Judge Purcell replaced Director Allbaugh with the United States, as "Petitioner is a federal prisoner" and, therefore, Director Allbaugh, a state official, would not be the proper respondent. *See* Doc. 24, at 1 n.1. The "proper respondent to a habeas petition is 'the person who has custody over the petitioner.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (brackets omitted) (quoting 28 U.S.C. § 2242); *see also* 28 U.S.C. § 2243 ("The writ . . . shall be directed to the person having custody of the person detained."). This "immediate custodian rule" means that the typical respondent is "the warden of the facility where the prisoner is being held, not . . . some other remote supervisory official." *Rumsfeld*, 542 U.S. at 435. But Petitioner's situation is unique, as he was, at the time the petition was filed, a federal prisoner incarcerated at a private facility—Great Plains Correctional Facility in Hinton, Oklahoma—with which the United States contracts. In other words, because the warden of Great Plains Correctional Facility is not an employee of the Bureau of Prisons, he would not be a proper respondent. *See* Doc. 18, at 1 n.1. The Tenth Circuit has yet to offer guidance for district courts faced with these factual circumstances, and the Court has failed to locate any case directly on point. Those cases that are sufficiently analogous suggest that the proper respondent would be the federal official in charge of overseeing the particular private facility with which the United States has contracted. *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1185 (N.D. Cal. 2017) ("Instead of naming the individual in charge of the contract facility—who may be a county official or an employee of a private nonprofit organization—a petitioner held in federal detention in a non-federal facility pursuant to a contract should sue the federal official most directly responsible for overseeing that contract facility when seeking a habeas writ."); *cf. Lynch v. Hall*, No. CV416-079, 2017 WL 2486082, at *1 (S.D. Ga. June 8, 2017) (holding that state prisoner incarcerated in private prison bringing 28 U.S.C. § 2254 petition should name the "chief officer in charge of the state penal institution" as respondent ), *report and recommendation adopted*, No. CV416-079, 2017 WL 3219504 (S.D. Ga. July 28, 2017). Who this federal official is vis-à-vis Great Plains Correctional Facility is unknown. As this Court dismisses the petition as moot, though, it need not resolve the issue, and it leaves the United States of America listed as respondent.

1

Petitioner, a federal prisoner appearing *pro se*, brings this habeas action pursuant to 28 U.S.C. § 2241. Petitioner challenges the Bureau of Prisons' calculation of his federal sentence. *See* Doc. 1; *see also* Doc. 25. Pursuant to 28 U.S.C. § 636(b)(1), this matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On May 2, 2019, Judge Purcell issued a Report and Recommendation, wherein he recommended that Petitioner's § 2241 petition be denied for failure to exhaust administrative remedies. *See* Doc. 24. Petitioner has timely objected, *see* Doc. 25, giving rise to the Court's obligation to review *de novo* the Report and Recommendation. Having conducted this review, the Court declines to adopt the Report and Recommendation and dismisses without prejudice the petition as moot.

"A petition brought under 28 U.S.C. § 2241 typically attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (internal quotation marks and citation omitted). Petitioner is currently incarcerated at the Reeves County Detention Center in Pecos, Texas, a contracted correctional facility operated by the GEO Group, Inc. *See* Doc. 15; *see also* Doc. 26, at 1 n.1.[2] But at the time he filed his petition, Petitioner was incarcerated at Great Plains Correctional Facility in Hinton, Oklahoma—also a contracted correctional facility operated by the GEO Group, Inc. *See* Docs. 1, 18. As "jurisdiction attaches on the initial filing for habeas corpus relief, and . . . is not destroyed by a transfer of the petitioner and the accompanying custodial change," *Santillanes v. U.S.*

---

[2] Reeves County Detention Center is located within the territorial jurisdiction of the Western District of Texas.

*Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985), this Court retains jurisdiction over the petition despite Petitioner's transfer to a facility in Texas. *Cf. Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after []he properly files a petition naming h[is] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.").

Petitioner's transfer, however, does deprive the Court of power to grant Petitioner the relief he seeks. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). For § 2241 petitions, this means that the district court must have jurisdiction "over the custodian." *Id.* (internal quotation marks and citation omitted); *see also* 28 U.S.C. § 2243 ("The writ . . . shall be directed to the person having custody of the person detained."). As Petitioner is now incarcerated in Texas, this Oklahoma district court lacks jurisdiction over his Texas-based custodian and, thus, is powerless to effectuate any relief. *See Berry v. Fox*, 704 F. App'x 789, 790 (10th Cir. 2017) ("Although jurisdiction attaches under § 2241 where the inmate is confined when the petition is filed, the [Oklahoma] district court's order was undoubtedly correct that [petitioner's] transfer to state custody in Michigan rendered the court incapable of ordering effectual relief . . . ."); *Griffin v. Kastner*, 507 F. App'x 801, 802–03 (10th Cir. 2013) ("[The warden of the Federal Transfer Center in Oklahoma] no longer has custody of [petitioner] and is therefore powerless to provide any relief the district court might order. [Petitioner] is currently detained in Missouri, outside the district of confinement and therefore outside the scope of the district court's habeas

3

jurisdiction. With no effectual relief possible, [the] petition is moot." (internal quotation marks and citation omitted)); *see also Gorbey v. Warden of Fed. Transfer Ctr.*, 580 F. App'x 682 (10th Cir. 2014) (affirming Western District of Oklahoma's dismissal of § 2241 petition where petitioner was transferred to Kentucky from Oklahoma after the filing of the petition). Thus, the petition is moot and should be dismissed without prejudice.

Accordingly, the Court declines to adopt Judge Purcell's Report and Recommendation and, instead, dismisses without prejudice this matter as it has become moot. Petitioner is free to refile this action in the proper judicial district, which—if Petitioner remains incarcerated at the Reeves County Detention Center—would be the Western District of Texas.[3]

IT IS SO ORDERED this 3rd day of June, 2019.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] Petitioner will not be prejudiced by this dismissal because "[t]here is no statute of limitations for federal prisoners filing habeas petitions pursuant to 28 U.S.C. § 2241." *Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012) (citing *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007); *see also Hartfield v. Quarterman*, 603 F. Supp. 2d 943, 948 (S.D. Tex. 2009) (citing *Day v. McDonough*, 547 U.S. 198, 202 n.1 (2006)) ("[H]abeas petitions under § 2241 have no statute of limitations . . . .").